Opinion issued April 4, 2002







 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00620-CV






EXPLORATION MARKETING CORP., Appellant


V.


MARILYN E. DAVIES & M.D. MARK, INC., Appellees






On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 9910679






O P I N I O N


 Exploration Marketing Corporation (EMC) appeals the trial court's order
granting Marilyn Davies and M.D. Mark, Inc.'s (MDM) motion for partial summary
judgment and the final judgment denying EMC's request for attorney's fees under the
Texas Declaratory Judgment Act. We affirm.

Facts

 EMC is in the business of gathering seismic data and licensing its use to other
companies engaged in oil and gas exploration. In November 1986, EMC licensed the
use of certain seismic data to Professional Geophysics Incorporated (PGI). PGI also 
obtained and marketed seismic data to other companies. In March 1990, EMC and
PGI entered into an agreement dissolving their business relationship. The agreement
provided that EMC retained ownership of the seismic data disclosed to PGI.

 Davies, an officer of PGI, made copies of the seismic data and kept the data
after EMC and PGI ceased doing business. Davies then formed MDM and began
selling the data without a license from EMC. In April 1998, when EMC attempted
to market and sell the same data, it learned Davies and MDM sold the same data. In
March 1999, EMC filed its original petition and application for temporary restraining
order against Davies and MDM asserting, among other things, causes of action for
conversion, declaratory relief, and attorney's fees. Davies and MDM answered and
asserted counterclaims for conversion, defamation, business disparagement, and
tortious interference with contract. They also sought declaratory judgment that they
own the data. Davies and MDM moved for partial summary judgment on EMC's
conversion claims, and the trial court granted the motion. At trial, the jury considered
the remaining claims and determined Davies was not defamed, MDM was not
disparaged, and EMC owned all of the data.

Motion for Partial Summary Judgment

 In its first point of error, EMC claims the trial court erred by granting Davies's
and MDM's motion for partial summary judgment on the grounds that EMC's
conversion claims were barred by the two-year statute of limitations. Specifically,
EMC contends that, although its suit was otherwise untimely, the discovery rule
tolled the statute of limitations. In the alternative, EMC contends the equitable
doctrine of fraudulent concealment should preclude Davies's and MDM's statute of
limitations defense.

 For this Court to determine whether the granting of Davies and MDM's motion
was proper, we must examine the complete summary judgment record. Davis v. Med.
Evaluation Specialists, Inc., 31 S.W.3d 788, 795 (Tex. App.--Houston [1st Dist.]
2000, no pet.). EMC's motion for partial summary judgment is not part of the
appellate record. (1)

 We overrule EMC's first point of error. 

Attorney's Fees

 In EMC's second point of error, it argues the trial court erred by refusing to
award it reasonable and necessary attorney's fees. At trial, EMC defeated appellees's
counterclaims and prevailed on its declaratory judgment claim that it owned the
seismic data. EMC argues that the trial court's denial of attorney's fees constituted
an abuse of discretion.

 The Uniform Declaratory Judgment Act provides that "the court may award
costs and reasonable and necessary attorney's fees as are equitable and just." Tex.
Civ. Prac. & Rem. Code Ann. §37.009 (Vernon 1997) (emphasis added). The
statute, therefore, affords the trial court discretion in determining whether to award
attorney's fees. Bocquet v. Herring, 972, S.W.2d 19, 20 (Tex. 1998). We will not
reverse a trial court's decision to grant or deny an award of attorney's fees absent a
clear showing of an abuse of discretion. Id. at 21.

 At trial, both parties stipulated to fees they considered both reasonable and
necessary. Therefore, we consider only whether the trial court's decision denying the
award of attorney's fees was equitable and just. The issue of whether fees are
equitable and just is a matter of law to be determined by the trial court. Id.

 EMC argues two aspects of Davies's and MDM's conduct make the denial of
an award of attorney's fees inequitable and unjust. First, Davies and MDM copied
and sold unlicensed data to third parties. Second, Davies and MDM took deliberate
steps to conceal sales of data to third parties by entering into licensing agreements
whose terms prohibited those third parties from disclosing any information about
their agreements to EMC. Davies and MDM contend the trial court's denial of
attorney's fees was proper because they had a legitimate business interest in litigating
title to the data, and they incurred significant attorney's fees defending EMC's
claims. They also contend the denial of attorney's fees was proper because EMC did
not recover any damages from Davies and MDM on their defamation and business
disparagement claims. We conclude, given the facts of this case, the trial court did
not abuse its discretion in denying EMC's request for attorney's fees. See Bocquet,
972 S.W.2d at 21 (holding trial court may conclude reasonable and necessary
attorney's fees are not equitable or just). 

 We overrule EMC's second point of error.



Conclusion

 We affirm the judgment of the trial court.




 Davie L. Wilson

 Justice


Panel consists of Justices Cohen, Nuchia, and Wilson. (2)

Do not publish. Tex. R. App. P. 47.4.
1. ' ' 
 
 
 
 
 

2.